UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS et al., ) ) ) Plaintiffs, ) ) vs. ) ) LAWLESS HOMES, INC. et al., ) ) Defendants. ) | Case No. 4:05CV01672 ERW |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiffs' Motion for Partial Summary Judgment [doc. #25].

**I.    BACKGROUND**

In their Motion for Partial Summary Judgment, filed on March 6, 2006, Plaintiffs move for summary judgment with respect to Count Two of their Complaint against Defendants Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc., Lawless Homes of Franklin County, Inc., and T. Michael Lawless (collectively, "Defendants"), jointly and severally, in the amount of $30,262.61, for the balance owed on a promissory note. In addition, Plaintiffs move for a judgment against Defendants, jointly and severally, in the amount of $862.75, for legal fees and costs incurred by Plaintiffs. On March 30, 2006, this Court noted that Defendants had failed to file a response to Plaintiffs' Motion. The Court ordered that Defendants show cause, no later than April 7, 2006, why Plaintiffs' Motion should not be granted. As of the date of this Order, Defendants have failed to respond in any way to Plaintiffs' Motion, and the time for responding has expired.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**II.     STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. The non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**III.    DISCUSSION**

Count Two of the Complaint is an action to collect on a loan made by Plaintiff Carpenters District Council of Greater St. Louis ("District Council") to Defendants. Plaintiffs provide evidence

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that the District Council made of loan of $33,013.76 to Defendants, which was memorialized by a written promissory note. The promissory note states that default occurs if Defendants fail to make a payment when payment is due. Plaintiffs provide evidence that Defendants defaulted on the promissory note by failing to make the scheduled payments and that a balance of $30,262.61 is due on the note. Further, the promissory note requires that Defendants pay the attorneys' fees and court costs associated with collection on the note. Plaintiffs provide evidence that they have incurred $568.00 in legal fees and $294.75 in court costs. Plaintiffs argue that they are entitled to the amount due under the promissory note, as well as attorneys' fees and costs.

Defendants have not opposed Plaintiffs' Motion and have therefore failed to demonstrate the existence of any genuine dispute regarding any material fact with respect to Count Two of the Complaint. Plaintiffs are entitled to the amount due under the promissory note, as well as their attorneys' fees and court costs. Therefore, partial summary judgment is proper and Plaintiffs' Motion will be granted. A total judgment of $31,125.36[1] will be entered against Defendants, jointly and severally.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [doc. #25] is **GRANTED**. Plaintiffs shall have judgment in their favor with respect to Count Two. Count One remains pending at this time.

An appropriate Order of Judgment shall accompany this Order.

Dated this 9th day of May, 2006.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE

---

[1] This number is comprised of the $30,262.61 due on the promissory note plus the $862.75 incurred by Plaintiffs in attorneys' fees and court costs.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com